IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

YVONNE COX,                                              No. C-04-2530 SI

        Plaintiff,                                  **FINAL PRETRIAL SCHEDULING ORDER**
vs.

CALIFORNIA SECURITY ALARMS, INC.,

        Defendant.
_____/

On February 28, 2006, the Court held a final pretrial conference in the above captioned matter. All parties were represented by counsel. The following matters were resolved:

1. **Trial date and Magistrate Judge referral:** The parties both consented to having this matter assigned to a Magistrate Judge for trial. Magistrate Judge Joseph Spero is available to try this case on May 8, 2006, so the action is referred to him for jury trial on that date. Issues such as the number of jurors, number of challenges, conduct of voir dire, timing of trial, resolution of questions concerning document admissibility, and finalization of instructions are left for Judge Spero for resolution at such time as he deems appropriate.

2. **Motions in limine**: The parties filed seventeen motions in limine. The Court resolves the motions as follows, subject only to such reconsideration as Judge Spero may deem appropriate:

**Plaintiff's motion #1 - to exclude evidence regarding other lawsuits/administrative claims**: Plaintiff seeks to exclude evidence of three other legal proceedings: a 1993 administrative complaint with the Labor Commissioner; a 1992 or 1993 lawsuit against the Post Office for wrongful termination; and a 2000 EEOC claim against a former employer. The motion to exclude the first two matters is GRANTED under FRE 403; they are remote in time, of limited probative value and risk

confusion and prejudice. The motion to exclude the third matter, the EEOC claim in 2000, is DENIED. It may involve issues similar to those in this case and could have probative value concerning both liability and damages.

**Plaintiff's motion #2 - to exclude evidence of collateral source payments**: Plaintiff seeks to exclude evidence of payments she received from unemployment insurance after she was terminated by defendant in this case, and to exclude evidence of workers compensation benefits she collected following an injury received during the job she obtained after leaving defendant's employ. The motion is GRANTED as to the unemployment benefits, which are not treated as offsets against back pay awards. The motion is DENIED as to the workers compensation payments, which would be relevant to damage calculations and mitigation.

**Plaintiff's motion #3 - to exclude evidence regarding records from post-termination employers:** Plaintiff seeks to exclude evidence and documents relating to her employment at U-Haul, after she left defendant. Defendants agree to exclude the written U-Haul records, including an allegedly false application questionnaire, provided that plaintiff stipulates to mitigation data. Pursuant to stipulation, it is so ordered. With that exception the motion is DENIED, as such information may be relevant to plaintiff's emotional distress damages.

**Plaintiff's motion #4 - to exclude reference to "cock blocker":** GRANTED. Defendant may elicit testimony concerning plaintiff's emotional distress arising from having her ex-husband sleeping on her couch. However, defendants may not refer to the specific term used, because its prejudicial effect would outweigh its probative value under FRE 403.

**Plaintiff's motion #5 - to exclude post termination statement "nigger bitch":** DENIED. Plaintiff can explain her reactions and her employer's remedial actions, but the fact that this event occurred may be relevant to plaintiff's claims.

**Plaintiff's motion #6 - to limit the testimony of Dr. Jonathan French:** GRANTED as to testimony concerning how plausible it is that plaintiff had frequent verbal altercations with defendants' customers, given her personality characteristics; MOOT as to existence of discrimination in the workplace, as he will not testify to that; GRANTED as to evidence not produced in response to plaintiff's subpoena for business records; and DENIED as to the final catchall category.

**Plaintiff's motion #7 - to limit testimony of Dr. Roger Freed:** DENIED as to exclusion based on violation of time limits; GRANTED as to testimony concerning how plausible it is that plaintiff had frequent verbal altercations with defendants' customers, given her personality characteristics; MOOT as to existence of discrimination in the workplace, as he will not testify to that; GRANTED as to evidence not produced in response to plaintiff's subpoena for business records; DENIED as to reference to plaintiff's mother's death; and DENIED as to the final catchall category.

**Plaintiff's motion #8 - to limit testimony and documentation re DFEH findings:** GRANTED based on stipulation.

**Plaintiff's motion #9 - to exclude evidence of customer complaints without personal knowledge:** DENIED as premature and overbroad. Admissibility will be based on precise contours of testimony at trial, foundation laid, etc. and full cross-examination will be allowed.

**Plaintiff's motion #10 - to limit evidence as to treatment at Valley Care Health System:** DENIED. This evidence may be relevant to plaintiff's damages.

**Plaintiff's motion #11 - to exclude testimony concerning Jim Bowman's perceived sexual orientation:** Plaintiff seeks to exclude testimony to the effect that she and others at work perceived Jim Bowman as homosexual, complaining that defendants will suggest that she should have been less concerned about sexual harassment from a gay man than a straight one. Defendants respond that while Mr. Bowman's actual sexual orientation is irrelevant, the office perception of it is germane

3

to how his comments were received.  The motion is DENIED, without prejudice to reconsideration at time of trial.  Counsel are advised against unnecessary assaults on the dignity and privacy of any witness.

**Plaintiff's motion #12  - to exclude evidence regarding other causes of emotional distress:** DENIED, except for evidence of events occurring after her IME.

**Defendants' motion #1 - to exclude evidence relating to racial comments made outside of plaintiff's presence:** DENIED as to racial remark by Jim Bowman to Cynthia Ching, since Ms. Ching informed plaintiff of the remark; GRANTED as to racial remark made by Lead Dispatcher Punipuao Mulipola to co-worker Carmela Talenti, which apparently was not passed along to plaintiff.

**Defendants' motion #2 - to exclude evidence from website**: GRANTED based on stipulation.

**Defendants' motion #3 - to exclude comments for which there is no evidentiary support:** GRANTED based on stipulation.

**Defendants' motion #4 - to exclude new worth information until punitive damage phase:** GRANTED based on stipulation.

**Defendants' motion #5 - to exclude evidence not properly disclosed pre-trial:** GRANTED based on stipulation.

**IT IS SO ORDERED.**

Dated: March 6, 2006

_____
SUSAN ILLSTON
United States District Judge

4